

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LOKESH TANTUWAYA,<br><br>　　　　　Defendant | Case No. 8:18-cr-00040-JLS-1<br><br>ORDER OF DETENTION AFTER HEARING HELD PURSUANT TO 18 U.S.C. § 3148(b) |

On April 29, 2021, Judge Josephine L. Staton issued a warrant for the arrest of Defendant Lokesh Tantuwaya ("Defendant") charging him under 18 U.S.C. § 3148(b) with sanctions for violation of a release condition. (Dkt. 124.)

On May 4, 2021, the undersigned duty magistrate judge conducted a hearing on the alleged violation(s).

Section 3148(b)(1)(A) requires the Court to consider whether there is probable cause to believe that the Defendant committed a federal, state, or local crime while on release. The Government argued that Defendant committed the crime of perjury, defined by 18 U.S.C. § 1621(2) as willfully subscribing as true under penalty of perjury any material matter that a person does not believe to be true. In April 2018, Defendant signed under penalty of perjury a financial affidavit

1

asking, "Do you own ...other valuable property ...?" and identified only a house. (Dkt. 16.) The Government contends that this was willfully false, because at the time, Defendant, through membership in an LLC, had an ownership interest in a private plane. The Government further contends that the omission was material to the Court's consideration of risk of flight, because Defendant has a pilot's license and defense counsel represented to the Court that, because the Government had seized Defendant's two other planes earlier, Defendant no longer had access to a private plane as a means of flight.

Alternatively, under Section 3148(b)(1)(B) the Government argued that Defendant violated the conditions of his release, because honesty in connection with detention hearing proceedings is an implied condition. (Dkt. 122 at 12 ["Defendant Violated His Bond By Lying to the Court ..."].)

For reasons stated on the record, the Court finds that Defendant's failure to identify Defendant's ownership interest in the plane was willful and material. Defendant signed the false affidavit on April 11, 2018 (Dkt. 16), and he was not released subject to conditions until April 16, 2018 (Dkt. 22). Defendant, however, did not correct the material omission, and its misleading effect continued while he was on pre-trial release. Thus, there is probable cause to believe that Defendant committed the crime of perjury while on pre-trial release.

At the hearing, the Government cited United States v. Bartok, 472 Fed. Appx. 25 (2d Cir. 2012). In that case, Defendant Bartok's bail was revoked under Section 3148(b) upon a probable cause finding that he had committed perjury in his financial affidavit by failing to disclose certain income. The Second Circuit decision does not discuss the timing of the affidavit as compared to Defendant Bartok's pre-trial release, but presumably Defendant Bartok signed the affidavit before he was released. Nevertheless, the Second Circuit concluded that the district court did not abuse its discretion in revoking Defendant Bartok's bail, adding that the "district court may revisit its decision to revoke bail at any time in light of new

information." (Id. at *29.)

For reasons stated on the record, the Court further finds that there is no condition or combination of conditions of release that will reasonably assure that Defendant will not flee if released. 18 U.S.C. § 3148(b)(2)(A).

As an independent and alternative finding, the Court also finds that Defendant's bail should be revoked under 18 U.S.C. § 3142(f) which permits the Court to re-open a detention hearing at any time to consider new, material information. The Defendant's ownership interest in a private plane and his failure to disclose it, along with statements by the plane's co-owner that Defendant recently expressed interest in installing a long-range fuel tank, constitute new, material information. The Court considers this new information in conjunction with information previously available (i.e., Defendant has a pilot's license, Defendant previously tried to transfer millions of dollars overseas, and Defendant has experience with international travel and the means to earn a living abroad) to again conclude that there is no condition or combination of conditions of release that will reasonably assure the Defendant's appearance as required.

It is ORDERED that Defendant be detained prior to trial.

Dated: May 5, 2021

_____
KAREN E. SCOTT
United States Magistrate Judge