E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
BILLY JOE MCLAIN (Cal. Bar No. 290682)
Assistant United States Attorney
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    Facsimile: (213) 894-0141
    E-mail:   joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>LOKESH TANTUWAYA,<br><br>      Defendant. | No. SA CR 18-40-JLS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEAL MOTION TO WITHDRAW FROM PLEA AGREEMENT |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney Joseph T. McNally, hereby files its opposition to defendant's motion to file his motion to withdraw from his plea under seal.

//

//

Dated: December 8, 2022

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
JOSEPH T. MCNALLY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant filed a motion alleging that his guilty plea was the involuntary because it was a result of threats and coercion and he was not competent at the time of his plea.  Defendant's application falls far short of the standard for sealing and the Court should deny the motion.

The public has a presumed right of access to court proceedings and documents.  See Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1985) (Press-Enterprise I).  In criminal cases, the Supreme Court has made plain that proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.  Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon, 920 F.2d 1462, 1466 (9th Cir. 1990).  The court must not base its decision on conclusory assertions alone, but must make specific factual findings. Id. at 1466.

Defendant's statement that his motion has "sensitive information" is insufficient to establish a compelling interest here that supports sealing.  Defendant's crimes, mental state at the time of the change of plea, and other circumstances were discussed at the change of plea hearing and are a matter of public record.  Defendant's claim that an unnamed person threatened him at the jail three months ago is also not a sufficient basis to seal.

On the other hand, there is a strong public interest in access

to documents that unequivocally establish that defendant is dishonest and makes false statements under oath.  Compare CR 262, Exhibit A Defendant's Change of Plea Hearing and Defendant's Declaration in Support of Withdrawal.  The public generally and law enforcement officers who may deal with defendant in the future have a right to know about defendant's history of deception and attempts to manipulate judicial process for strategic advantage.